Lois Lorraine GOTTSCHALD et al., Appellants,

v.

Mary Belle REAVES, individually, and in her capacity as the Independent Executrix of the Estate of Henry Frank Reaves, Deceased, Appellee.

No. 523.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 11, 1971.

Rehearing Denied Sept. 1, 1971.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellants.

Freddie F. Lee, Pasadena, Harold R. Allison, Houston, for appellee.

SAM D. JOHNSON, Justice.

The appellants in this case are the surviving children of Henry Frank Reaves, deceased. They were born of a previous marriage. The appellee, Mary Belle Reaves, is the surviving wife of the decedent. The appellants filed the instant suit in the district court of Harris County to impress a trust on the decedent's estate in favor of the appellants alleging fault on the part of the appellee in the execution of a codicil to the decedent's will. In response, the appellee interposed a plea of limitations and a plea of res judicata based upon a prior judgment of the District Court of Harris County which was affirmed by the Court of Civil Appeals. See Gottschaid v. Reaves, 457 S.W.2d 307 (Tex.Civ.App.—Houston, 1st Dist., 1970, no writ). In the plea of res judicata, appellee referred specifically to the prior judgment, to the pleadings filed, to the charge of the court and the verdict of the jury, as well as the judgment and opinion of the Court of Civil Appeals of the cause, certified copies of each reference having been duly filed by the clerk of the district court in the present suit. The court granted the appellee's pleas of res judicata and limitations and rendered judgment denying appellants any relief.

In the prior action, the appellee first made application to the county court to probate the decedent's will. The appellants herein contested the probation and recording of the will and codicil on three grounds, these being, (1) lack of testamentary capacity, (2) undue influence and (3) fraud. The county court entered its order admitting both the will and codicil to probate and appellants appealed to the district court. In the district court the appellants alleged that the will and codicil were invalid on the grounds of undue influence and fraud in the procurement and execution of the codicil and prayed that the estate be distributed according to the laws of descent and distribution. In answer to special issues the jury in the district court failed to find that either the will or the codicil were procured by undue influence on the part of appellee. No issues were requested or submitted on testamentary capacity or fraud in the procurement and execution of the codicil. The district court's judgment admitting the will and codicil to probate was affirmed by the Court of Civil Appeals, Gottschald v. Reaves, supra. The foregoing action in the county court, the district court and the court of civil appeals will sometimes herein be referred to as the "first suit."

The Court of Civil Appeals in Gottschald v. Reaves, supra at page 308 described the appellants' basic contentions in the following language:

"The theory of appellants is that the testator, at some time between the making of the will and the date the codicil was executed, decided to leave his property to his children in equal shares, that he told appellee that this was what he wanted and wanted her to have a lawyer prepare the necessary will or codicil, and that appellee had the lawyer prepare the codicil so as to leave the children only $1 each. Further, it is appellants' contention that the codicil was not read to testator but he was led to believe that the codicil did leave his property in equal shares to his children."

This precise factual allegation is the basis of the appellants' instant suit to impress a trust on the decedent's estate; that is, the appellants' cause of action in the first suit to contest the probate of the decedent's will and codicil and the suit presently before this court arose out of the same factual occurrence or transaction.

The appellants contend in 3 points of error that the trial court erred in sustaining the appellee's plea of res judicata. They first contended that the doctrine of res ju-

dicata is inapplicable "(for) the reason that the first case was a contest of the probate of a will and codicil, whereas the second case involves the question concerning the creation and impression of a trust with regard to realty." The appellants argue that the issues in the first case are different from the issues in the second case, in that the matters of fraud and the creation of a trust were not in evidence nor presented as issues to the jury in the first case.

 The doctrine of res judicata precludes subsequent relitigation by the same parties of a question of law or issue of fact which have been determined by a court of competent jurisdiction. McGuire v. Commercial Union Insurance Co. of N. Y., 431 S.W.2d 347 (Tex.Sup.Ct.—1968); Swilley v. McCain, 374 S.W.2d 871 (Tex. Sup.Ct.—1964).

 The issue of fraud was directly presented by the appellants' pleadings in both the county court and district court in the first case. The appellants now complain that the question of fraud was not in evidence nor presented as an issue to the jury for the reason that the court sustained the appellee's objection to the admissiblity of said evidence. Matters directly put in issue by the pleadings that are necessary to sustain the judgment rendered are said to have been adjudicated. Atwood v. Humble Oil & Refining Co., 239 S.W.2d 412 (Tex. Civ.App.—El Paso 1950) reversed on other grounds, 150 Tex. 617, 244 S.W.2d 637 (1952).

 The application of the doctrine of res judicata does not turn on the fact that the first action was in the form of a will contest and the present action is in the form of a suit to impress a trust. "(a) question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree there-

in so that it can not be further litigated in a subsequent suit between the same parties or their privies *whether the second suit be for the same or a different cause of action.*" (Emphasis added.) State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S. Ct. 420, 422, 65 L.Ed. 831. The appellants' first point of error is overruled.

 The appellants contend in a second point of error that the trial court erred in sustaining the appellee's plea of res judicata, "(for) the reason that as concerns the appeal from the probate court to the District Court regarding the first case, the District Court was limited to consider and adjudicate only the issues involved in the Probate Court." This point of error must be overruled. The issue of fraud was alleged in the appellants' petitions in both the probate court and district court.

We conclude that the trial court correctly sustained the appellee's plea of res judicata. In view of this determination we do not pass upon appellants' remaining points of error.

The judgment of the trial court is affirmed.