Houston F. WEAVER et ux., Appellants,

v.

The CITY OF WACO et al., Appellees.

No. 5923.

Court of Civil Appeals of Texas, Waco.

Dec. 28, 1978.

Rehearing Denied Jan. 18, 1979.

John L. Bates, Waco, for appellants.

Larry O. Brady, Naman, Howell, Smith, Lee & Muldrow, Dan E. Mayfield, Sheehy, Lovelace & Mayfield, Waco, for appellees.

## OPINION

JAMES, Justice.

This is a suit for personal injuries and damages growing out of an automobile accident. Plaintiff-Appellants Houston F. Weaver and wife Linda Diane Weaver brought this suit on December 30, 1975, against Defendant-Appellee, the City of Waco (hereinafter called "the City"), seeking damages resulting from an automobile accident which occurred on January 2, 1974, at approximately 12:30 A.M. At that time Houston F. Weaver was driving a motor vehicle owned by Plaintiffs in a northerly direction on South 21st Street in Waco, Texas, near a point where South 21st Street intersects Primrose Drive and dead-ends in a drainage ditch on the North side of Primrose Drive. This drainage ditch was at that time being deepened and widened and otherwise worked on by Cross-Defendant, Barton and Hillock, Inc., (hereinafter called "the Contractor") under a contract with the City of Waco. Mr. Weaver drove his automobile into this drainage ditch thereby causing the injuries and damages sued for.

The Weavers alleged that the City was negligent in the following particulars:

(1) In failing to place warning signs along the edge of the drainage ditch in question and at the north line of Primrose Drive at the point where same is intercepted by South 21st Street;

(2) In failing to place a barricade at the points aforesaid;

(3) In failing to place sufficient lighting at the intersection aforesaid to reveal the unusual hazardous condition existing;

(4) In failing to place a sign or signs at the excavation on South 21st Street at the approach to Primrose Drive; and

(5) In failing to maintain surveillance of the area in question as an ordinary prudent person would have supervised under the same or similar circumstances, as to signs, lights, and warning devices.

The City filed a Third-Party Cross-Action against the Contractor seeking indemnity, and in the alternative, contribution from the Contractor with respect to any judgment which the Weavers might recover against the City, based upon the contract which City had with the Contractor. At the time of the accident, the Contractor was employed by the City as an independent contractor to perform the construction of drainage improvements in connection with the Lower Primrose Creek Drainage Improvement Project, and excavation and construction work was in progress by the Contractor pursuant to such contract adjacent to Primrose Drive at its intersection with South 21st Street. Said contract between the City and the Contractor was in full force and effect at the time of the Weaver accident in question.

This suit filed by the Weavers against the City on December 30, 1975, was in the 74th District Court of McLennan County, Texas, as Cause No. 75–2826–3.

Prior to the filing of the Weavers' suit against the City, to wit, on April 25, 1974, the Weavers filed a suit against the Contractor, Barton & Hillock, Inc., in Cause No. 74–844–3, in the 74th District Court of McLennan County, Texas, seeking to recover personal injuries and property damage

arising out of the same accident of January 2, 1974. This suit by the Weavers against the Contractor will be hereinafter referred to as "the first suit." The City was not a party to the first suit.

In the first suit, the Weavers alleged that the Contractor was negligent in the same identical five grounds as the Weavers alleged against the City in the case at bar, as hereinabove set out. The Weavers' suit against the Contractor was tried to a jury, which found (or failed to find, as the case may be) as follows:

(1) Failed to find that the Defendant Contractor failed to have in place warning signs along the edge of the drainage ditch at the time and on the occasion in question. (Issues 2 and 3 conditionally inquiring of negligence and proximate cause were not answered).

(4) Found that the Defendant Contractor failed to have a barricade in place along the edge of the drainage ditch on the occasion in question, but

(5) Failed to find that such failure to have a barricade in place was negligence. (Issue No. 6 conditionally inquiring of proximate cause was not answered).

(7) Failed to find that the Defendant Contractor failed to place sufficient lighting at the place and on the occasion in question, to reveal the existence of the drainage ditch. (Issues Nos. 8 and 9 conditionally inquiring of negligence and proximate cause were not answered).

There were no Issues Numbered 10, 11, and 12 submitted to the jury.

(13) Failed to find that the Defendant Contractor failed to maintain surveillance of the area in question as to warning devices, at the time and on the occasion in question. (Issues Nos. 14 and 15 conditionally inquiring of negligence and proximate cause were not answered).

(16) This was the personal injury damage issue concerning Houston F. Weaver, to which the jury answered "none" to all the elements submitted, including past and future pain and suffering, past lost earnings, loss of future earning capacity, past medical and hospital expenses, and future medical and hospital expenses.

Issues Nos. 17 and 18 deal with other plaintiffs, not material to our discussion.

(19) The jury found the market value of Weavers' car immediately before the accident to be $2900.00, and

(20) The market value of the car immediately after the accident to be $250.00.

The trial court submitted special issues covering six separate grounds of contributory negligence on the part of Houston F. Weaver, all of which the jury answered against Mr. Weaver. The jury found that each of the six grounds of contributory negligence was a proximate cause of the accident. These six grounds were: failure to keep a proper lookout, driving at a greater rate of speed than a person using ordinary care would have driven, failure to timely apply his brakes, failure to turn to the right before the accident, failure to turn to the left before the accident, and driving his vehicle while under the influence of intoxicating liquor.

Finally, in answer to the comparative negligence issue, the jury found that Plaintiff Weaver was 100% to blame and that the Defendant Contractor was zero per cent to blame.

Pursuant to and in harmony with the jury verdict, the trial court on August 20, 1975, entered judgment that the Plaintiff Weavers take nothing against the Defendant Contractor. This judgment was not appealed, and is a final judgment.

As stated, it was after the judgment in the first suit had become final that the Weavers brought this suit against the City (on December 30, 1975), which is the case at bar.

The case at bar (against the City) was submitted to the trial court upon an agreed statement of facts. As stated before, in the case at bar, the City filed a Third-Party Cross-Action against the Contractor seeking indemnity, or in the alternative, contribution from the Contractor in the event the Weavers should recover a judgment against the City.

The City then filed a plea in bar with respect to the Weavers' suit against the City, and the Contractor filed pleas in bar with respect to the Weavers' suit against the City as well as to the City's Third-Party Cross-Action against the Contractor for indemnity or contribution. The trial court sustained the pleas in bar and entered judgment that the Weavers take nothing against the City and in turn that the City take nothing from the Contractor on the City's Cross-Action for indemnity or contribution.

Plaintiff-Appellants the Weavers complain of the trial court's sustaining of the pleas in bar of the City and the Contractor. As we understand Appellants' contentions, Appellants argue that the doctrines of res judicata and estoppel by judgment do not apply in the instant case to bar the Weavers' suit against the City because the action against the City involves "at least two negligence issues, if not more, which were not tried in the previous action" against the contractor; that the City as a municipality "owes a duty by law to provide safe streets—which is an area of negligence and/or responsibility totally different" from the Contractor; that the findings by the jury in the first case wherein the jury failed to find any primary negligence on the part of the Contractor "does not relieve the City of its responsibility, nor would the same evidence be necessary to either support or controvert similar issues with the City"; that the jury's answer to Special Issue No. 16 in the first case wherein the jury answered "none" to all elements of Mr. Weaver's personal injury claims is "so contrary to the evidence in the previous trial as to be a lack of due process"; that the jury's answers in the first suit to the effect that Mr. Weaver was contributorily negligent upon six grounds, each of which was a proximate cause of the accident, "are not determinative of the area of negligence based upon different negligence issues as to the City, under the philosophy of comparative negligence"; and that the jury's finding of 100% negligence on the part of Mr. Weaver in the first case is "not determinative of the percentage of negligence that

may be found by a different jury with different negligence facts and allegations as to a different Defendant, i. e., the City." We overrule all of Appellants' contentions and affirm the trial court's judgment.

As stated above, Appellants say that their action against the City involves "at least two negligence issues, if not more, which were not tried in the previous action." We find it hard to agree with Appellants on this, because Appellants' pleadings against the City in the case at bar contain the same identical five grounds of primary negligence against the City as were alleged against the Contractor in the first suit. Therefore the Plaintiff-Appellants had the opportunity to litigate the very same allegations of primary negligence against the Contractor as they are now undertaking to again litigate against the City, based upon the same accident and the same claims for personal injury and property damage.

Under the construction contract which the City had with the Contractor which was in effect and being carried out by the Contractor at the time of the accident in question, the Contractor was obligated to take and perform all safety precautions which were the basis of the Weavers' allegations of primary negligence against the Contractor in the first suit, and against the City in the case at bar. In other words, the Contractor was obligated to the City under the construction contract to place warning signs, barricades, and lighting in, near, and along the drainage ditch, the violation of which safety precautions the Weavers alleged as negligence against the Contractor in the first suit and against the City in the case at bar. Moreover, under the contract the Contractor further agreed in effect to indemnify and hold harmless the City for any judgments which the City might suffer as the result of negligence on the part of the Contractor.

Factually, the accident which is the subject of the first suit and of the case at bar is one and the same, the damages claimed by the Weavers in the case at bar and in the first suit are the same, and the same acts of negligence previously asserted by

the Weavers against the Contractor are the same negligence allegations asserted against the City in the case at bar. The distinction between the first suit and the case at bar are as follows:

(1) In the first suit the Weavers asserted their claims directly against the Contractor for damages allegedly resulting from the accident, resulting in judgment favorable to the Contractor, no appeal was taken therefrom, and said judgment became final. The City was not a party to the first suit.

(2) The case at bar was filed by the Weavers against the City after judgment in the first suit became final. This cause is based upon the same accident, damages, and allegations of negligence made in the first suit.

 We agree with the Appellant and recognize that the City has a duty to protect the users of the streets, which is a non-delegable duty and cannot be contracted away by the City; however, where, as here, the Plaintiff-Appellant Weavers have already previously had their day in court in the first suit and have failed to establish any negligence on the part of the Contractor, and a final judgment is entered therein, and now the Weavers are endeavoring to litigate and establish these same grounds of negligence against the City growing out of the same accident and damages, we are of the opinion and hold that the City had no more than a derivative liability which could be invoked only had the Weavers' injuries been due to the negligence of the Contractor. Where the liability of the Defendant (here, the City) is derivative, a judgment in favor of the party from whom the liability is derived (here, the Contractor) may be set up as a defense, even though the Defendant in the latter suit was not a party to the first action. See *Siratt v. City of River Oaks* (Tex.Civ.App. Fort Worth 1957) 305 S.W.2d 207, 209, writ refused.

"The rule of collateral estoppel, or as sometimes phrased as estoppel by judgment, bars relitigation in a subsequent action upon a different cause of action of fact issues actually litigated and essential to a prior judgment. It has been said that the rule rests upon equitable principles and upon the broad principles of justice. (citations). The rule is generally stated as binding a party and those in privity with him. * * * 'Privity' is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in that their interests are affected by the judgment with reference to interests involved in the action, (are treated in law) as if they were parties * * *. The statement that a person is bound by a judgment as a privy is a short method of stating that under the circumstances and for the purpose of the case at hand he is bound by all * * * or some of the rules of res judicata by way of merger, bar or collateral estoppel." *Benson v. Wanda Petroleum Co.* (Tex.1971) 468 S.W.2d 361 at p. 362; also see *Hardy v. Fleming* (Tex.Civ.App. El Paso 1977) 553 S.W.2d 790, 792, NRE.

Our Supreme Court in *Hammonds v. Holmes* (Tex.1977) 559 S.W.2d 345 at p. 346 declares the traditional doctrine of res judicata as follows:

"A question of fact or law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action. *State of Oklahoma v. State of Texas* (U.S. Sup.Ct.1920) 256 U.S. 70, 86, 41 S.Ct. 420, 422, 65 L.Ed. 831." Also see *Marange v. Marshall* (Tex.Civ.App. Corpus Christi 1966) 402 S.W.2d 236, NRE; *Gottschald v. Reaves* (Tex.Civ.App. Houston 14th 1971) 470 S.W.2d 149, NRE.

In the case at bar, we believe that Plaintiff-Appellants the Weavers are barred from litigating for a second time the same issues which were litigated by them in the first suit, under the doctrines of res judicata and collateral estoppel as hereinabove quoted and as declared by our Supreme Court. We are of the opinion and hold that

the City, although not a party in the first suit, was in a privity relationship with the Contractor insofar as the first suit was concerned. We further believe that the jury findings in the first suit to the effect that Mr. Weaver was contributorily negligent proximately causing the accident, and that he was 100% to blame for the accident, are binding upon him in the case at bar. See *Presser v. United States* (D.C.Wisconsin 1963) 218 F.Supp. 108, 111.

Under our view of the case, the trial court properly sustained the pleas in bar of the City and of the Contractor, and we accordingly affirm the trial court's judgment.

The Appellant has other points and contentions which we have carefully considered, and overrule same as being without merit.

AFFIRMED.