Mrs. Lily BENSON, Individually and as Executrix of the Estate of Merrel Benson, deceased, Petitioner,

v.

WANDA PETROLEUM COMPANY, Respondent.

No. B–2473.

Supreme Court of Texas.

May 12, 1971.

**362**

Huff & Bowers, Broadus A. Spivey, Lubbock, for petitioner.

Barrow, Bland & Rehmet, Vincent W. Rehmet, Houston, Morehead, Sharp, Tisdel & Gibbins, Bob Gibbins, Plainview, for respondent.

STEAKLEY, Justice.

The source of the problem here is a collision which occurred on October 29, 1967 in Eastland County, Texas, involving a tractor and trailer owned by Wanda Petroleum Company, respondent, and an automobile owned by Merrel Benson, now deceased, and his wife, Mrs. Lily Benson, which was being driven by Thurman C. Porter. A third party identified as Donald Chalk collided with the Benson vehicle following the initial collision. Separate suits for damages for personal injuries were filed against Wanda in the District Court of Eastland County by Mrs. Benson and by Mr. and Mrs. Porter. The suits were consolidated by the trial court and when called for trial Mrs. Benson took a voluntary non-suit. The trial jury in the Porter suit found Wanda and its driver free of negligence and found Porter guilty of acts of negligence which proximately caused the collision. A take nothing judgment was entered in favor of Wanda.

This suit for damages for personal injuries suffered by her and by her deceased husband was subsequently filed by Mrs. Benson in the District Court of Harris County against Wanda and Chalk. The trial court severed the suit against Chalk and rendered summary judgment in favor of Wanda upon the theory that the fact findings and judgment in the Porter suit were binding on Mrs. Benson. The Court of Civil Appeals affirmed in the stated opinion that the Bensons and Porters were engaged in a joint enterprise as a matter of law, and hence were in privity; and that the Bensons rested under a secondary or derivative liability which must have been considered and determined in the Porter suit. 460 S.W.2d 453. We disagree and so reverse and remand.

The rule of collateral estoppel, or as sometimes phrased, estoppel by judgment, bars relitigation in a subsequent action upon a different cause of action of fact issues actually litigated and essential to a prior judgment. It has been said that

the rule rests upon equitable principles and upon the broad principles of justice. Cauble v. Cauble, 2 S.W.2d 967 (Tex.Civ.App. 1927, writ dism'd). The rule is generally stated as binding a party and those in privity with him. See Kirby Lumber Corp. v. Southern Lumber Co., 145 Tex. 151, 196 S.W.2d 387 (1946); Cauble v. Cauble, supra; Evans v. McKay, 212 S.W. 680 (Tex.Civ.App.1919, writ dism'd); Smith v. Wood, 115 Ga.App. 265, 154 S.E.2d 646 (1967); 46 Am.Jur.2d, Judgments, § 394 (1969). Section 83 of the Restatement of Judgments (1942) states that a person who is not a party but who is in privity with the parties in an action terminating in a valid judgment is bound by the rules of res judicata. A comment to this section says in part: "Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. * * * The statement that a person is bound by * * * a judgment as a privy is a short method of stating that under the circumstances and for the purpose of the case at hand he is bound by * * * all or some of the rules of res judicata by way of merger, bar or collateral estoppel." It has been emphasized that privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts. Coleman v. Bosworth, 180 Iowa 975, 164 N.W. 238 (1917); Smith v. Wood, supra. Also, that privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. Hixson v. Kansas City, 361 Mo. 1211, 239 S.W.2d 341 (1951); 46 Am.Jur. 2d, Judgments, § 532 (1969). But it is also recognized that there is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res judicata and the determination of who are privies requires careful examination into the circumstances of each case as it arises. 50 C.J.S. Judgments § 788 (1947); 46 Am.Jur.2d Judgments, § 532 (1969). In Kirby Lumber Corp. v. Southern Lumber Co., supra, privity was defined as meaning the mutual or successive relationship to the same rights of property; and it was said that persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which rights accrued subsequent to the commencement of the action. It has also been said that the Restatement definition corresponds to results generally reached by the courts, the elements of which are summarized in these words: "[t]he word 'privy' includes those who control an action although not parties to it * * *; those whose interests are represented by a party to the action * * *; successors in interests * * *." Developments in the Law —Res Judicata, 65 Harv.L.Rev. 818, 856 (1952).

The rules of res judicata rest upon the policy of protecting a party from being twice vexed for the same cause, together with that of achieving judicial economy in precluding a party who has had a fair trial from relitigating the same issue. Bernhard v. Bank of America National Trust & Savings Ass'n, 19 Cal.2d 807, 122 P.2d 892 (1942); and see Semmel, Collateral Estoppel, Mutuality and Joinder of Parties, 68 Colum.L.Rev. 1457 (1968). Due process requires that the rule of collateral estoppel operate only against persons who have had their day in court either as a party to the prior suit or as a privy, and, where not so, that, at the least, the presently asserted interest was actually and adequately represented in the prior trial. As to the latter, § 84 of the Restatement of Judgments (1942) states that a person who is not a party but who controls an action is bound by the adjudications of litigated matters as if he were a party

where he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of law with reference to the same subject matter or transaction.

The rationale of decisions in other jurisdictions that have considered the problem at hand in the context of the employer-employee relationship is instructive. This is illustrated by Makariw v. Rinard, 336 F.2d 333 (3rd Cir. 1964). Rinard took his automobile to YBH Sales and Service, Inc. for servicing, and accompanied YBH's mechanic, Makariw, on a road test. While Makariw was driving, the car hit a "pothole" and skidded into another car and an embankment. Makariw was killed and Rinard was injured. Rinard sued YBH for personal injuries and contended that Makariw's negligence caused the accident. Judgment was in his favor based on findings of negligence against Makariw. Makariw's Administratrix thereafter brought a suit against Rinard under the Pennsylvania Wrongful Death and Survival Acts. The federal district court granted Rinard's motion to dismiss the action on the grounds that any recovery would be barred by the prior finding in the Rinard suit that Makariw had been guilty of negligence, which was conclusive under the doctrine of collateral estoppel; it was reasoned that the derivative liability of the employer for the employee's negligence established the employee's privity with the employer and bound him to the previous fact findings. The court of appeals for the Third Circuit reversed for the stated reason that the legal representative of the employee had not had her day in court on the critical issues which premised her suit and was not bound by a final determination in the prior suit against the employer. Reliance was placed on decisions giving particular emphasis to considerations here present: the plaintiff in the later suit was neither a party to the former action nor in privity with any party in the sense that his rights were derived from one who was a party; and the cause of action always had been that of the present plaintiff who had no voice in the conduct of the prior suit, with no right to examine witnesses or to take other action to protect his interests. See Rice v. Ringsby Truck Lines, 302 F.2d 550 (7th Cir. 1962); Pesce v. Brecher, 302 Mass. 211, 19 N.E.2d 36 (1939); see also in accord, Adams v. Woodfin, 243 Ark. 348, 419 S.W.2d 796 (1967), and Shelley v. Gipson, 218 Tenn. 1, 400 S.W.2d 709 (1966). A like position was taken in Bolstad v. Egleson, 326 S.W.2d 506 (Tex.Civ.App.1959, writ ref'd n. r. e.), without discussion.

The suit at bar is a separate and distinct action for redress for personal injuries. Mrs. Benson was not a party to the former action instituted by the Porters following her non-suit and they did not represent her in her claims against Wanda, respondent here. It was not shown that Mrs. Benson participated in, or exercised any control over, the trial in the Porter suit, or that she had any right to do so. She was not shown to have any beneficial interest in the recovery of damages for personal injuries on behalf of the Porters. In our view, the requirements of due process compel the conclusion that a privity relationship which will support application of the rules of res judicata does not exist under these circumstances. Accordingly, we hold that the fact findings and judgment in the Porter suit do not bar Mrs. Benson, and that she is entitled to her day in court in prosecuting this action in her own right.

The judgments below are reversed and the cause is remanded for trial.