**David Bartine Timothy MYRICK, III et al., Appellants,**

v.

**MOODY NATIONAL BANK OF GALVESTON, Trustee et al., Appellees.**

**No. A2168.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1979.

Rehearing Denied Nov. 21, 1979.

William N. Blanton, III, Butler, Binion, Rice, Cook & Knapp, Houston, for appellants.

Kirk Brush, Burks & Brush, Houston, Griffith D. Lambdin, Lambdin, Schwab & Coughlin, Galveston, for appellees.

Before J. CURTISS BROWN, C. J., and MILLER and COULSON, JJ.

MILLER, Justice.

This is the latest chapter in the continuing saga of *Myrick v. Myrick.** The current suit concerns the legal question of garnishability of income from two spendthrift trusts of which Defendant David B. T. Myrick, Jr. is income beneficiary and Defendant Moody National Bank is trustee. A declaratory judgment action was brought by Myrick's former wife, individually, and for her minor children. The court below held that the proceeds of the trusts were garnishable for child support obligations of Myrick, but were not garnishable to fund his educational trust obligation. We affirm in part and reverse and remand in part.

The facts of the case are somewhat tortuous. On June 7, 1968, Myrick and his wife, Florence Karl Myrick (now Cappelletti), were divorced and an agreed judgment was entered in Domestic Relations Court No. Three, Harris County, Texas. This judgment, among other things, provided that Myrick pay his wife $1,500 per month as child support, and that he set up a trust for the use and benefit of the minors, primarily for their college education but with discretion in the trustee to disburse funds for their benefit in the event of an emergency. The total corpus of the trust was to be $50,000, payable by Myrick in three separate installments—$10,000 on or before five years from the date of the judgment; $15,000 on or before ten years from said date; and $25,000 on or before fifteen years from said date. The judgment further provides that Myrick pledge his disbursements from the income of Moody Trusts 19 and 25, Moody National Bank of Galveston, for these payments in the event payments are not made by him on or before their due dates. If the payments have not been so made, the agreed judgment provides that

all Myrick's disbursements from Moody Trusts 19 and 25 be paid by the Bank into the educational trust for the children until the obligation is completely discharged. Myrick has not funded the educational trust. This agreed judgment is a final judgment.

Subsequent to this judgment, appellants sued Myrick for failure to meet his child support and educational trust obligations. Although he answered, Myrick did not appear at the trial and appellants obtained judgment in the 133rd Judicial District Court of Harris County, Texas. This judgment awarded appellants a personal judgment against Myrick for past due child support, and for the amount of the first installment of the educational trust plus interest thereon; accelerated the payments due the educational trust in the future; awarded attorney's fees for obtaining child support and for obtaining the educational trust portion of the judgment; declared the educational trust a valid trust, without the necessity for further trust indenture; found that Myrick had made a valid pledge of his disbursements from income of Moody Trusts 19 and 25; and ordered that all such payments from the Moody Trust be paid into the registry of the court for the use and benefit of the educational trust. This judgment was not appealed and is now final.

Subsequent and ancillary to this judgment, appellants instituted garnishment proceedings against the trustee, Moody National Bank, as the sole defendant. The Bank answered that the trusts were spendthrift trusts not amenable to garnishment, and attached copies of the trust instruments to its answer. The case was tried in 122nd Judicial District Court of Galveston County, Texas, which awarded summary judgment to appellants and ordered the Moody National Bank to pay over the funds that it then held for the account of Myrick as follows: $14,314.26 plus interest into the Registry of the 133rd Judicial District Court; $3,266.91 to the appellants' attor-

* See *Ex Parte Myrick*, 474 S.W.2d 767 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ) and

*Myrick v. Myrick*, 478 S.W.2d 859 (Tex.Civ. App.—Houston [1st Dist.] 1972, no writ).

ney; and $4,815.63, the remainder, to Appellant Cappelletti for child support. This judgment was not appealed and is likewise now final.

Subsequent to the entry of judgment in the above described garnishment proceedings, appellants again garnished the trustee bank for the income which had accrued in the interim to Myrick from Moody Trusts 19 and 25. Myrick intervened, and a separate declaratory judgment action was brought naming both him and the Bank as defendants and seeking to adjudicate in one action the entitlement, if any, of appellants to Myrick's disbursements from the Moody Trusts. The garnishment action was subsequently consolidated into the declaratory judgment cause.

Myrick did not contest the availability of the income from the Moody Trust to satisfy his child support obligation, but contended that the trust income is immune from garnishment to fund the educational trusts on the basis of the "spendthrift trust" doctrine.

Both sides moved for summary judgment, with Myrick asking that the $17,581.17, previously paid to the educational trust and to the attorneys for related fees, be credited toward the child support portion of the judgment.

The court found that Myrick's interest in the Moody Trust could be reached for the child support obligations and for attorney's fees for obtaining such relief, but that his interest could not be garnished to fund the educational trusts. It denied Myrick's motion to credit previous payments to the educational trust and the attorneys to future child support obligations.

From this order appellants appeal, assigning as their sole point of error that the "trial court erred in granting Myrick's motion for summary judgment." In support of this point, appellants argue that the doctrine of res judicata (collateral estoppel) prevents either Myrick or the Bank from litigating the garnishability of the proceeds of the spendthrift trusts. We concur.

The doctrine of res judicata has been set forth as follows by our Supreme Court in *Hammonds v. Holmes*, 559 S.W.2d 345, 346 (Tex.1977):

"[A] question of fact or law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action." *State of Oklahoma v. State of Texas*, 256 U.S. 70, 86, 41 S.Ct. 420, 422, 65 L.Ed. 831 (1920).

Under this rule, it is patent that the Moody Bank cannot relitigate the issue of garnishability of the spendthrift trusts. Regardless of the merits of the claim, when the issue was decided by the judgment of the 122nd Judicial District Court of Galveston, and that judgment became final, the Bank was thenceforth barred from relitigating the issue.

Similarly, Myrick is barred by two previous judgments from litigation of the point. The agreed judgment of the Domestic Relations Court No. Three setting up the educational trust and ordering the pledge of the Moody Trust income is final; the judgment of the 133rd Judicial District Court accelerating the payments and ordering that future income be paid into the registry of the court is final. Meritorious though his contention may be, the doctrine of res judicata applies. ". . . [I]t is settled that the principles of *res judicata* apply whether the first court determined the question before it correctly or erroneously." *In Interest of V._____M._____B._____*, 559 S.W.2d 901, 904 (Tex.Civ.App.—Amarillo 1977, writ ref'd n. r. e.).

Appellee Myrick, however, contends that while he was a party to the suits which ordered his trust income applied to the funding of the educational trust, he was not a party to the actual garnishment suit, and hence cannot be bound by the findings of the court in that action. We disagree.

Even if there be distinction between the orders of the court in the cases in which he was a party and the judgment of the garnishment court which enforced such orders, his trustee was a party to the original garnishment suit, and he is collaterally estopped from relitigating the issues therein decided. The courts of this state have expanded the doctrine of collateral estoppel so as to abandon the requirement of mutuality of parties and to retain the requirement of privity only to the party against whom the plea of collateral estoppel is made in the second case. *Hardy v. Fleming*, 553 S.W.2d 790 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.).

The rule of collateral estoppel, or as sometimes phrased, estoppel by judgment, bars relitigation in a subsequent action upon a different cause of action of fact issues actually litigated and essential to a prior judgment. . . . The rule is generally stated as binding a party and those in privity with him. *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 362 (Tex.1971).

When the Bank defended the original garnishment suit, the beneficiary of the trust was in privity with the Bank which was acting as his trustee, and, hence, he is estopped from relitigating the issue. *Weaver v. City of Waco*, 575 S.W.2d 426 (Tex.Civ.App.—Waco 1978, no writ).

In his first counterpoint, appellee maintains that appellants' point of error presents an inaccurate, multifarious generalization that fails to direct the attention of the court to any error relied on. We disagree. The wording of the point of error is precisely in accordance with that set out as exemplary by the Supreme Court in *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.Sup. 1970), and, according to the rule there set down, this point is "sufficient to comply with Rule 418, Texas Rules of Civil Procedure, and to allow argument as to all the possible grounds upon which summary judgment should have been denied." 461 S.W.2d 119, 121.

Finally, appellee urges that because appellants did not preserve as a point of error the trial court's failure to grant their motion for summary judgment, we may not reverse and render. Inasmuch as the case must be remanded in any event, we do not reach this point.

The trial court, because of its ruling on the effectiveness of the pledge of Moody Trust income to fund the educational trust, did not rule on the priority of application of the funds garnished to funding of the educational trust, child support, attorney's fees relative to the child support, and attorney's fees, if any, relative to the educational trust. On remand, it should make such determinations.

That part of the judgment upholding the garnishability of the income of Moody Trusts 19 and 25 for child support is affirmed, and that part of the judgment denying garnishment to fund the educational trust is reversed and remanded for further proceedings in accord with this opinion.

Affirmed in part and reversed and remanded in part, with instructions.