In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00088-CV
______________________________


KEITH THOMAS, Appellant
 
V.
 
NICK CURRY, ET AL., Appellees


                                              

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 02C0784-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Keith Thomas appeals the trial court's dismissal of his application for writ of injunction and
writ of production in trial court cause number 02C0912-CCL. See Thomas v. Curry, No. 06-03-00087-CV, 2003 Tex. App. LEXIS 9786, at *2 (Tex. App.‒Texarkana Nov. 18, 2003, no pet. h.)
(mem. op.). The two cases were briefed separately.
            Since the briefs and arguments raised therein are identical in the two appeals, for the reasons
stated in Thomas v. Curry, No. 06-03-00087-CV, we likewise resolve the issue in this appeal against
Thomas.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 1, 2003
Date Decided:             December 2, 2003



 in the nonmovant's favor. Id.
at 549. 

 A no-evidence summary judgment is essentially a pretrial directed verdict. We
therefore apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. McCombs v. Children's Med. Ctr.,
1 S.W.3d 256, 258-59 (Tex. App.-Texarkana 1999, pet. denied); Jackson v. Fiesta Mart,
Inc., 979 S.W.2d 68, 70 (Tex. App.-Austin 1998, no pet.). 

 Appellants contend Appellees failed to establish the requisites of collateral estoppel. 
Collateral estoppel is also known as issue preclusion. Van Dyke v. Boswell, O'Toole, Davis
& Pickering, 697 S.W.2d 381, 384 (Tex. 1985). Collateral estoppel is more narrow than
res judicata in that it only precludes the relitigation of identical issues of fact or law that
were actually litigated and essential to the judgment in a prior suit. Id.; see Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). Once an actually litigated and
essential issue is determined, that issue is conclusive in a subsequent action between the
same parties. Van Dyke, 697 S.W.2d at 384. Thus, unlike the broader res judicata
doctrine, collateral estoppel analysis does not focus on what could have been litigated, but
only on what was actually litigated and essential to the judgment. 

 In order to invoke collateral estoppel, a party must establish that: 1) the facts sought
to be litigated in the first action were fully and fairly litigated in the prior action; 2) those
facts were essential to the judgment in the first action; and 3) the parties were cast as
adversaries in the first action. Eagle Props., Ltd. v. Scharbauer, 807 S.W.2d 714, 721
(Tex. 1991). Mutuality is not required for the invocation of collateral estoppel; rather, it is
only necessary that the party against whom the plea of collateral estoppel is being asserted
be a party or in privity with a party in the prior litigation. Id. 

 Appellees had the burden to present sufficient evidence to establish that the
doctrine of collateral estoppel is applicable. See Scurlock Oil Co. v. Smithwick, 787
S.W.2d 560, 562 (Tex. App.-Corpus Christi 1990, no writ). "To meet this burden, the party
relying on the doctrine is required to introduce into evidence both the prior judgment and
pleadings from the prior suit." Jones v. City of Houston, 907 S.W.2d 871, 874 (Tex.
App.-Houston [1st Dist.] 1995, writ denied); see Cuellar v. City of San Antonio, 821 S.W.2d
250, 256 (Tex. App.-San Antonio 1991, writ denied); Smithwick, 787 S.W.2d at 562 (party
asserting collateral estoppel must introduce into evidence judgment and pleadings from
prior suit or doctrine will not apply); Traweek v. Larkin, 708 S.W.2d 942, 945 (Tex.
App.-Tyler 1986, writ ref'd n.r.e.) (doctrine of collateral estoppel not applicable in second
suit if party does not introduce both prior judgment and pleadings); but see Bass v.
Champion Int'l Corp., 787 S.W.2d 208, 214 (Tex. App.-Beaumont 1990, no writ) (finding
no error in basing summary judgment on judgment alone without pleadings because
judgment so clearly stated what was determined by earlier court there was no need to
resort to pleadings). We agree with the reasoning in Bass that, so long as the record
before the court in the second case adequately provides what was determined in the earlier
case, pleadings need not be filed. 

 In this case, Appellees filed a copy of the judgment and jury charge with their motion
for summary judgment, but did not include a copy of the pleadings from the Texas Capital
case. Appellees contend the judgment and jury charge satisfy the purpose of attaching the
pleadings. Appellees further contend that, at any rate, the pleadings from the Texas
Capital case were part of the record before the trial court because Reckling included the
plaintiffs' fourth amended original petition from that case in his response to Appellees'
motion for summary judgment in this case. Actually, what Reckling included in his
response was a copy of Sandefer and Smith's motion for leave to join additional parties in
the Texas Capital case. It was this motion that had a copy of plaintiffs' fourth amended
original petition attached as an exhibit. The record shows the trial court in the Texas
Capital case denied the motion to join additional parties. Therefore, plaintiffs' fourth
amended original petition never became a live pleading in the Texas Capital case. 

 Despite the lack of pleadings, the record before us contains the jury charge and
judgment from the Texas Capital case and, taken together, clearly state what was
determined in that case. 

 Appellants contend that Appellees have failed to prove there is no genuine issue of
material fact and that Appellants were, as a matter of law, in privity to the parties in the
Texas Capital case. "Due process requires that the rule of collateral estoppel operate only
against persons who have had their day in court either as a party to the prior suit or as a
privy, . . . ." Benson v. Wanda Petroleum Co., 468 S.W.2d 361, 363 (Tex. 1971); see
Eagle Props., Ltd., 807 S.W.2d at 721; Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816,
819 (Tex. 1984). There is no general definition of privity, and the determination of who are
privies requires a careful examination into the circumstances of each case. Dairyland
County Mut. Ins. Co. v. Childress, 650 S.W.2d 770, 774 (Tex. 1983); Benson, 468 S.W.2d
at 363. "[T]he word 'privy' includes those who control an action although not parties to
it * * *; those whose interests are represented by a party to the action * * *; successors in
interests." Benson, 468 S.W.2d at 363; see Getty Oil Co. v. Ins. Co. of N. Am., 845
S.W.2d 794, 800-01 (Tex. 1992); Dairyland County Mut. Ins. Co., 650 S.W.2d at 774. 
Privity connotes those who are in law so connected with a party to the judgment as to have
such an identity of interest that the party to the judgment represented the same legal right. 
Benson, 468 S.W.2d at 363; Cannon v. Tex. Indep. Bank, 1 S.W.3d 218, 224 (Tex.
App.-Texarkana 1999, pet. denied). 

 Appellants contend their interests were not actually and adequately represented in
the Texas Capital case, so it is not fair to bind them to the prior results. See Eagle Props.,
Ltd., 807 S.W.2d at 721. Appellees argue that directors of a corporation are automatically
in privity with the corporation and cite Eagle Properties for their position. See id. The
directors in Eagle Properties, as in this suit, were defendants. However, unlike this suit,
the directors in Eagle Properties were the ones seeking to assert collateral estoppel
against the plaintiffs. The Texas Supreme Court's specific holding was that mutuality is not
required for the invocation of collateral estoppel; rather, it is only necessary that the party
against whom the plea of collateral estoppel is being asserted be a party or in privity with
a party in the prior litigation. Id. No one asserted collateral estoppel against the directors
in Eagle Properties, and the Texas Supreme Court did not hold the directors were in privity
with anyone in the prior suit. Id. Appellees' reliance on Eagle Properties is misplaced; they
have not directed us to any other case holding that a party's status as director or officer
automatically makes the party a privy, and we have not found a case so holding. 

 Federal courts have held stockholders and officers are not in privity to their
corporations. Dudley v. Smith, 504 F.2d 979, 982 (5th Cir. 1974); Am. Range Lines, Inc.
v. Comm'r of Internal Revenue, 200 F.2d 844, 845 (2d Cir. 1952). This status does not
automatically show the parties had control over the prior action or that their interests were
represented by a party to the action. Benson, 468 S.W.2d at 363. The question of privy
revolves around the prior cause of action, not the time of injury. See Myrick v. Moody Nat'l
Bank, 590 S.W.2d 766, 769 (Tex. Civ. App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.). 

 Appellees present evidence that, when they purchased the Titan stock in 1996, an
unamended form filed in 1993 with the National Association of Securities Dealers (NASD)
lists Smetek, Reckling, and Buckley as officers of Texas Capital Securities, Inc. Appellees
provide no evidence that at the time of the Texas Capital case these three appellants still
held these positions. Smetek and Reckling both create genuine issues of material fact in
their affidavits. Smetek states he was president and a director until 1997. The Texas
Capital case was instigated in late 1997. Reckling denies being an officer or director of
Texas Capital Securities, Inc. in his affidavit. Each of these affidavits creates genuine
issues of material fact on the issue of privity. The evidence clearly shows all three are
shareholders, but a party's mere status as shareholder does not create privity absent
further evidence. Although Buckley did not dispute being an officer during the Texas
Capital case, the only evidence put forth by Appellees was that Buckley was the secretary
and treasurer. This status alone, without more evidence, does not, as a matter of law,
establish privity. Appellees presented no evidence Buckley, Smetek, Reckling, or TCSM
participated in the Texas Capital lawsuit. In fact, Reckling contends he had no knowledge
of the suit until the very end.

 Appellees contend TCSM, a wholly owned subsidiary of Texas Capital Securities,
Inc., is in privity with Texas Capital Securities, Inc., based on a management role. The
evidence provided to show TCSM's management role is the 1997 annual report which
states: 

 Texas Capital Securities Management Co., Inc. has entered into an
agreement to indemnify the Company, assume primary liability related to
certain settlement agreements with former customers and pay certain legal
fees. The Company paid Texas Capital Securities Management Co., Inc.
$154,000 during 1997. This amount is reflected in management fees.


No further evidence is provided as to what TCSM did. There is no evidence TCSM exerted
control over or managed Texas Capital Securities, Inc. in any way. Buckley's affidavit
states TCSM has never been in a position of control over Texas Capital Securities, Inc. and
that it is merely a service provider and is not engaged in the securities business.

 Appellees also contend the fact that Appellants used the same attorney as Texas
Capital Securities, Inc. shows they are in privity with Texas Capital Securities, Inc. They
direct our attention to caselaw stating that an attorney's knowledge gained during the
existence of the attorney-client relationship is imputed to the client. Allied Res. Corp. v.
Mo-Vac Serv. Co., 871 S.W.2d 773, 778 (Tex. App.-Corpus Christi 1994, writ denied). 
Appellees would have us extend this principle of imputed knowledge to the circumstances
of this case, where Appellants hired the attorney who represented Texas Capital
Securities, Inc. in the Texas Capital case. Appellees contend this mutual representation
in separate actions imputes privity. The caselaw on which they rely deals with settled law
that imputes the knowledge of an attorney to the client in that attorney-client relationship. 
The mere fact that these Appellants enlisted the services of the same attorney who
defended Texas Capital Securities, Inc. in the previous case does not prove privity
between Appellants and Texas Capital Securities, Inc.

 Genuine questions of fact remain regarding each of the Appellants and whether they
were in privity with Texas Capital Securities, Inc. We hold the trial court erred in applying
collateral estoppel to the Appellants. 

 Appellants' second point of error concerns the determination by the trial court in its
summary judgment that Appellants are liable as control persons under the Texas Securities
Act. Appellees seek to establish joint and several liability of Appellants as control persons
for Texas Capital Securities, Inc.'s violations of the Texas Securities Act. Appellants
contend the trial court erred in holding they are control persons under the Act. Tex. Rev.
Civ. Stat. Ann. art. 581-33(F)(1) (Vernon Supp. 2002). 

 Under the Act, a control person is:

 A person (2) who directly or indirectly controls a seller, buyer, or issuer of a
security is liable . . . jointly and severally with the seller, buyer, or issuer, and
to the same extent as if he were the seller, buyer, or issuer, unless the
controlling person sustains the burden of proof that he did not know, and in
the exercise of reasonable care could not have known, of the existence of
the facts by reason of which the liability is alleged to exist. 


Id.


 The burden rested on the Appellees to establish that the Appellants are control
persons under the statute. Appellants contend genuine issues of material fact remain as
to whether they are control persons, and therefore the trial court improperly granted
summary judgment.

 The Texas Securities Act does not provide a definition of "control persons." Id. The
comments to the statute state, "control is used in the same broad sense as in federal
securities law." Tex. Rev. Civ. Stat. Ann. art. 581-33F cmt. "Depending on the
circumstances, a control person might include an employer, an officer or director, a large
shareholder, a parent company, and a management company." Id. (3) The rationale for
control person liability is that a control person is in a position to prevent the violation and
may be able to compensate the injured investor when the primary violator is not. Id. The
United States Fifth Circuit Court of Appeals has held that, to make a prima facie case that
the defendant is a control person, a plaintiff must prove that each had actual power or
influence over the controlled person and that each induced or participated in the alleged
violation. Dennis v. Gen. Imaging, Inc., 918 F.2d 496, 509 (5th Cir. 1990); G.A. Thompson
& Co. v. Partridge, 636 F.2d 945, 958 (5th Cir. 1981).

 As evidence of Smetek's, Buckley's, and Reckling's status as control persons,
Appellees rely partly on the "Form BD" filed by Texas Capital Securities, Inc. in 1993 with
the NASD, which lists Smetek, Buckley, and Reckling as control persons. Appellants
contend this form does not prove they are control persons for purposes of the Texas
Securities Act. They contend Appellees have not proved the term "control person" has the
same meaning for purposes of the NASD as under the Texas Securities Act. NASD "Form
BD" has instructions defining the term "control," but this definition was not included in
Appellees' summary judgment evidence. In the absence of such definition, we cannot say
the label of "control person" on the NASD form conclusively establishes Appellants as
control persons under the Texas Securities Act.

 The evidence presented clearly proves Smetek was president, a director of Texas
Capital Securities, Inc., and owned between ten and twenty-five percent of the stock when
the transactions occurred in 1996. According to the forms filed with the NASD, Buckley
owned between ten and twenty-five percent of the stock. Both the form and Buckley's
affidavit reveal he was secretary and treasurer of Texas Capital Securities, Inc. However,
status alone does not automatically cause defendants to be deemed control persons under
the statute. See Dennis, 918 F.2d at 509. Evidence was required that Smetek and
Buckley had influence over at least the direction of Texas Capital Securities, Inc. See id. 
Smetek states in his affidavit that he was not responsible for reviewing information that
companies seeking investors wanted forwarded to Texas Capital Securities, Inc.
customers, that he was unaware any Texas Capital Securities, Inc. customer had invested
with Titan, and that he had no knowledge of the investments and no reason to have
knowledge of the investments. Genuine issues of material fact remain regarding whether
Smetek was a control person, and the trial court erred in granting summary judgment. As
for Buckley, the evidence shows he was secretary and treasurer of Texas Capital
Securities, Inc., but his affidavit shows that he did not hold a license entitling him to
supervise registered representatives and that he was not responsible for supervising Texas
Capital Securities, Inc. brokers or representatives, did not review information that
companies seeking investors wanted forwarded to Texas Capital Securities, Inc.
customers, and had no knowledge or reason to have knowledge of the purchase of Titan
stock by Texas Capital Securities, Inc. customers. Because genuine issues of material fact
remain regarding Buckley's status as a control person, the trial court erred in granting
summary judgment on this issue as to Buckley. 

 Although the NASD forms list Reckling as a vice president, Reckling's affidavit
states his relationship with Texas Capital Securities, Inc. was that of a shareholder and that
he was not an officer or director. This clearly creates a fact question as to Reckling's
status. The trial court improperly granted summary judgment holding that Reckling was
a control person. 

 We finally consider whether it was proper to grant summary judgment holding that
TCSM, a wholly owned subsidiary of Texas Capital Securities, Inc., was a control person
under the Texas Securities Act. The only evidence provided regarding TCSM is the 1997
annual report calling the fees paid to TCSM "management fees." The evidence shows
TCSM agreed to indemnify Texas Capital Securities, Inc., assume primary liability related
to certain settlement agreements with former customers, and pay certain legal fees. This
evidence does not show any form of power or influence over Texas Capital Securities, Inc.
or over Johnson, the Texas Capital Securities, Inc. broker who arranged for the sale of the
Titan stock. Buckley's affidavit states TCSM has no responsibility to supervise or otherwise
monitor any securities salesmen at Texas Capital Securities, Inc. Appellees failed to
produce sufficient evidence to prove as a matter of law that TCSM was a control person
for its parent company, Texas Capital Securities, Inc., and evidence presented by
Appellants raises genuine issues of material fact regarding this issue. The trial court erred
in holding TCSM was a control person of Texas Capital Securities, Inc.

 Because we find the trial court erred in granting summary judgment against
Appellants, we need not address Appellants' remaining points. 

 We reverse the summary judgment and remand the case to the trial court for further
proceedings. 


 Donald R. Ross

 Justice


Date Submitted: May 30, 2002

Date Decided: June 19, 2002


Publish

 
1. Tex. Rev. Civ. Stat. Ann. art. 581-1, et seq. (Vernon 1964 & Supp. 2002).
2. The Act defines "person" to include a corporation. Tex. Rev. Civ. Stat. Ann. art.
581-4(B) (Vernon Supp. 2002).
3. Although in Busse v. Pac. Cattle Feeding Fund #1, 896 S.W.2d 807, 815 (Tex.
App.-Texarkana 1995, writ denied), we found Busse, who was a majority shareholder and
a director, to be a control person, we do not construe this case to mean evidence solely
of status creates a prima facie showing of control person.