# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00377-CV

**Beverly A. Temple and Rodlaroc Temple, Appellants**

**v.**

**Military Communications Centers, Inc., Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 185,886-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Beverly A. Temple and Rodlaroc Temple appeal the district court's take-nothing summary judgment in favor of appellee Military Communications Centers, Inc. (MCC). The summary judgment was based on collateral estoppel by a previous federal court judgment. The Temples argue that they raised a material fact issue as to whether a federal district court had previously entered judgment on the merits of their claims in a proceeding involving the same claims as filed in this case. We affirm the district court's judgment.

*Background*

On April 2, 2001, the Temples filed suit in Bell County district court against MCC, alleging that, while a customer in an Army and Air Force Exchange Services (AAFES) store

operated by MCC, Beverly Temple slipped and fell on a wet floor.[1]  After filing suit against MCC in state district court on June 3, 2002, the Temples also filed suit against the United States in the United States District Court for the Western District of Texas, Waco Division, asserting claims arising from the same incident, alleging negligence by the AAFES.[2]

On September 15, 2005, the federal district court entered summary judgment in favor of the United States, making findings of fact as to the relationship among the parties, as to the circumstances surrounding Beverly's fall, and as to negligence.[3]  Included in the court's findings was a finding that "Mrs. Temple's fall resulted from her own negligence."  After the federal district court entered judgment in favor of the United States, MCC pleaded its affirmative defense of res judicata in state court based on the federal court's ruling.

On October 20, 2006, MCC filed a traditional motion for summary judgment in state court, arguing that, because the Temples' claims had already been adjudicated in federal district court, collateral estoppel prevented them from bringing the same claims in state court.  The district court granted MCC's motion on March 8, 2007.  The Temples appeal.

---

[1]  Rodlaroc asserted a derivative claim.  We refer to appellants Beverly and Rodlaroc collectively as the Temples.  Where necessary when recounting historical facts, we will specifically refer to Beverly Temple.

[2]  Although the Temples alleged negligence by AAFES, the Temples filed their claim against the United States pursuant to the requirements of the Federal Tort Claims Act.  *See* 28 U.S.C.A. § 1346(a) & (b) (West 2006) (a contract with the AAFES is considered a contract with the United States, and the United States is the proper defendant in such an action).

[3]  Contrary to the Temples' assertion, the federal district court made no finding that "MCC was not subject to jurisdiction in federal court under 28 USC 1346(b)."

2

*Discussion*

In a single issue, the Temples argue that the district court erred in granting summary judgment because there remained a disputed issue of material fact as to whether the federal district court had entered a judgment on the merits.

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215.

Collateral estoppel bars relitigation of any ultimate issue of fact or law actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985); *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 362 (Tex. 1971). Collateral estoppel bars the relitigation of issues resolved in a previous suit if: (1) the facts sought to be litigated were fully and fairly litigated in the previous suit, (2) those facts were essential to the judgment in that suit, and (3) the parties were adversaries in that suit. *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002).[4]

---

[4] Because the supreme court has determined that the standard of review for issue preclusion is the same under both the federal and state standards, it has declined to decide whether state or federal collateral estoppel law governs the preclusive effect of a prior federal judgment on a subsequent state court action. *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002) (citing *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990)).

To satisfy the third prong, it is only necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801-02 (Tex. 1994).

Here, the issues presented in the federal and state cases were identical: liability and damages arising from Beverly's slip and fall in the AAFES store. The facts underlying these issues, which include the nature of the relationship among AAFES, MCC, and the United States and where and in what circumstances Beverly fell, were fully litigated in the federal lawsuit. The federal court's findings of fact include a finding that a contract between AAFES and MCC required MCC to indemnify AAFES for any claims based on injuries arising out of or in connection with services provided by MCC. The district court further found that MCC was required to "maintain commercial general liability insurance naming the United States and AAFES as additional insureds for claims arising out of or in connection with any injury resulting from negligence or other fault of MCC and its employees." In addition, the court found that Beverly was warned that the carpet was wet, that she was prohibited from entering the tiled area where she fell, that she slipped and fell on the tile floor because her shoes were wet from the wet carpet, and that her fall had resulted from her own negligence. These facts represent the totality of the facts relevant to the Temples' claim against MCC. Such facts were essential to and the basis for the federal court's judgment in favor of the United States: "Based on these undisputed facts, the Court finds that Defendant's Motion for Summary Judgment should be in all respects granted."

4

*See John G. & Marie Stella Kenedy Mem'l Found.*, 90 S.W.3d at 288.[5] Accordingly, the first two prongs required for the application of collateral estoppel are satisfied.

The third prong required for collateral estoppel—that the parties were adversaries in that suit—is satisfied if the party against whom the doctrine is asserted was a party or in privity with a party in the first action. *Id.*; *Sysco Food Servs.*, 890 S.W.2d at 801-02. According to the supreme court in *Sysco Food Services*, it is only necessary that the party *against whom the doctrine is asserted* was a party or in privity with a party in the first action. 890 S.W.2d at 801-02. Thus, the doctrine of privity need not be satisfied at all as to MCC. The Temples are the parties against whom the doctrine is asserted, and the Temples were parties to the lawsuit. We have already found that, because the Temples were asserting the same claims against the United States in federal court that they asserted against MCC in state court, their interests were adequately represented in the federal proceeding.

Even if a privity finding were also required as to MCC, the court's findings of fact allow us to conclude the United States and MCC were in privity. Determining who is in privity for the purposes of applying collateral estoppel requires a case-by-case analysis of the individual circumstances. *Benson*, 468 S.W.2d at 363. Generally, however, parties are in privity for purposes of collateral estoppel when: (1) they control an action even if they are not parties to it; (2) their interests are represented by a party to the action; or (3) they are successors in interest, deriving their claims through a party to the prior action. *HECI Exploration Co. v. Neel*,

---

[5] The Temples' assertion that "[w]hen the U. S. District Court entered is [sic] opinion on September 15, 2005, is [sic] was ruling on the motion of the United States alleged lack of jurisdiction" finds no support in the record.

5

982 S.W.2d 881, 890 (Tex. 1998); *see also Espeche v. Ritzell*, 123 S.W.3d 657, 667 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("Privity exists if the parties share an identity of interests in the basic legal right that is the subject of the litigation."). Privity connotes those who are so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Benson*, 468 S.W.2d at 363.

The federal court found that a contract between AAFES and MCC required MCC to indemnify AAFES for any claims of injury arising out of or in connection with services provided by MCC. The court further found that MCC was required to maintain commercial liability insurance that included AAFES and the United States as named insureds. As the party required to maintain liability insurance for itself, AAFES, and the United States, MCC had every interest in defending the claims brought by the Temples in federal court even though it was not a named party in that lawsuit. By asserting collateral estoppel, MCC affirms that its interests were adequately represented by the United States. Thus, although MCC was not a named party in the federal lawsuit, MCC was in privity with AAFES and the United States, the named party.

To support their argument, the Temples rely on three cases: *Finley v. United States*, 490 U.S. 545 (1989), *Eagle Properties Ltd. v. Scharbauer*, 807 S.W.2d 714 (Tex. 1990), and *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex. 1984). The Temples argue that, under *Finley* and *Eagle Properties*, they could not have sued MCC in the federal case. Collateral estoppel does not require that the party against whom collateral estoppel is asserted could have been named in the prior lawsuit. The only requirement is that the party against whom the collateral

6

estoppel is asserted was a party or in privity with a party in the first action. *See Sysco Food Servs.*, 890 S.W.2d at 801-02.[6]

In *Bonniwell*, the final case relied on by the Temples, the court sets out the rule for the application of collateral estoppel, which requires either that the party against whom a claim is asserted was a party or in privity with a party in the first action. 663 S.W.2d at 819; *see also Sysco Food Servs.*, 890 at 801-02. According to the *Bonniwell* court, "due process requires the rule of collateral estoppel operate only against persons who have had their day in court either as a party to the prior suit or as a privy." *Bonniwell*, 663 S.W.2d at 819 (quoting *Benson*, 468 S.W.2d at 363). As discussed above, the privity need only be satisfied as to the party against whom collateral estoppel is asserted. Here, collateral estoppel is asserted against the Temples, not against MCC. Thus, like *Finley* and *Eagle Properties*, *Bonniwell* does not apply.

MCC has satisfied all three prongs required for the application of collateral estoppel. Accordingly, the state district court properly granted summary judgment on these grounds.

---

[6] *Finley* was overruled in 1990 by the federal supplemental jurisdiction statute:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C.A. § 1367(a) (West 2006). *Finley*, therefore, does not apply. *Eagle Properties*, which relies on *Finley* for its holding that the federal court could not assert jurisdiction over the related state law claims, likewise, does not apply. *See Eagle Props.*, 807 S.W.2d at 721.

*Conclusion*

Having found no disputed issue of material fact as to whether there was a judgment on the merits in the federal proceeding, we affirm the judgment of the district court.


_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:   August 20, 2008