*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-08-00676-CV

Maria Cipriana **GALINDO** and Carolina Galindo,
Appellants

v.

**BORDER FEDERAL CREDIT UNION**,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 27182
Honorable Thomas F. Lee, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   March 18, 2009

AFFIRMED

This is an appeal from the trial court's interlocutory order denying a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008). In the underlying lawsuit, Maria Cipriana Galindo and her daughter, Carolina Galindo,[1] sought a declaratory judgment invalidating Border Federal Credit Union's (BFCU's) lien on certain real property. After granting

---

[1] Although a named plaintiff in the underlying lawsuit, the record does not show Carolina has a claim to the property involved in this case. For the sake of brevity, this opinion will refer only to Maria.

an ex parte temporary restraining order to prevent the imminent foreclosure of the BFCU lien and the sale of the property, the trial court set the temporary injunction for a hearing. After an evidentiary hearing, the trial court denied the temporary injunction. Because we conclude the trial court did not abuse its discretion in denying the temporary injunction, we affirm.

### BACKGROUND

In the 1970's, Maria and her husband purchased a house and real property located at 313 Pulliam in Del Rio, Texas, ("the property"). Maria's husband died in 1998, and she continued to live on the property until March 2006. On September 12, 2003, Maria signed a warranty deed granting the property to her son, Mario Galindo, and the deed was promptly filed in the deed records of Val Verde County, Texas. On May 27, 2005, Mario and his wife, Edith, borrowed $90,000.00 from BFCU, and Mario executed a deed of trust, pledging the property as security for the loan. In making the loan to Mario and Edith, BFCU relied on the recorded deed in which Maria conveyed the property to Mario. Mario and Edith eventually defaulted on the loan.

Although most of the pleadings are not before us, it is apparent from the record that three lawsuits arose from the foregoing transactions. First, Maria sued Mario contending her transfer of the property to Mario was not an absolute conveyance, and when Mario failed to respond to the motion for summary judgment, Maria obtained a summary judgment in her favor. Second, BFCU sued Mario to foreclose on its lien, and BFCU obtained a judgment in its favor. Finally, Maria filed the underlying declaratory judgment suit against BFCU and requested the temporary injunction, the denial of which forms the basis for this appeal.

**APPLICABLE LAW**

A temporary injunction is a an extraordinary remedy and does not issue as a matter of right. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To obtain a temporary injunction, an applicant must plead and prove three specific elements: (1) a cause of action; (2) a probable right to recovery following a trial on the merits; and (3) a probable, imminent, and irreparable injury in the interim. *Id.*; *City of San Antonio v. Vakey*, 123 S.W.3d 497, 499 (Tex. App.—San Antonio 2003, no pet.). A probable right to recovery and a probable, imminent, and irreparable injury must be established by competent evidence adduced at a hearing. *Goldthorn v. Goldthorn*, 242 S.W.3d 797, 798 (Tex. App.—San Antonio 2007, no pet.).

In reviewing the trial court's temporary injunction order, an appellate court does not review the merits of the underlying case. *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978). Rather, an appellate court limits its review to whether there has been a clear abuse of discretion. *Id.* at 861-62. The appellate court does not substitute its judgment for the trial court's judgment; it merely determines whether the trial court's order was so arbitrary as to exceed the bounds of reasonable discretion. *Id*. at 862. When, as here, no findings of fact or conclusions of law are requested or filed, the appellate court must uphold the trial court's temporary injunction order on any legal theory supported by the record. *Id*.

**PROBABLE RIGHT TO RECOVERY**

On appeal, Maria argues the trial court abused its discretion by denying the temporary injunction because she established both a probable right to recovery and a probable, imminent, and

irreparable injury.[2] Maria argues she established a probable right to recovery because the evidence presented at the temporary injunction hearing shows the deed from Maria granting the property to Mario was not intended as an absolute conveyance, but as a "security arrangement to allow Mario to secure the loan."

The true nature of a deed is resolved by ascertaining the intent of the parties as disclosed by the contract or attending circumstances or both. *Johnson v. F.G. Cherry*, 726 S.W.2d 4, 6 (Tex. 1987); *Wood v. DeWinter*, 280 S.W. 303, 306 (Tex. Civ. App.—Fort Worth 1926, no writ) ("A deed of conveyance of land, absolute and unconditional on its face, but intended and understood by the parties to be merely security for the payment of a debt or the performance of some other condition, will be regarded and treated in equity as a mortgage, giving to the parties the relative rights and remedies of mortgagor and mortgagee, and nothing more."). Even when the instrument appears on its face to be a deed absolute, parol evidence is admissible to show that the parties actually intended the instrument as a mortgage. *Johnson*, 726 S.W.2d at 6. Thus, whether an instrument written as a deed is actually a deed or is in fact a mortgage is a question of fact. *Id*. Additionally, to show that a deed is a mortgage, rather than an absolute conveyance, it is necessary to show that the grantor and grantee have a relationship as debtor and creditor. *Bradshaw v. McDonald*, 211 S.W.2d 797, 799-800 (Tex. Civ. App.—Galveston 1948), *aff'd*, 216 S.W.2d 972 (Tex. 1949).

At the hearing, Maria relied on the summary judgment she had obtained in her lawsuit against Mario to prove the deed was not an absolute conveyance of the property. This summary judgment

---

[2] Because we conclude that the trial court could have properly found that Maria did not establish a probable right to recovery, we need not reach the issue of whether Maria established an a probable, imminent, and irreparable injury.

states in part, "the subject deed was not intended to convey title and fee simple title is confirmed and vested in Maria Cipriana Galindo as a matter of law." On appeal, the Galindos again assert that the summary judgment establishes their probable right to recovery. We disagree.

The summary judgment arose from a lawsuit between Maria and Mario; BFCU was not a party to that suit. Thus, in order for the summary judgment to have a binding effect on BFCU, Maria was required to establish that Mario and BFCU were in privity. *See Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971). Maria failed to do so. Privity is not established by the mere fact that persons happen to be interested in the same question or in proving the same set of facts. *Id*. Instead, "privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Id*.

BFCU also presented evidence at the temporary injunction hearing. BFCU presented the warranty deed itself, which on its face appears to be an absolute conveyance of the property. Additionally, BFCU called Maria to testify about the circumstances surrounding the deed. Maria's testimony was equivocal. Maria stated both that Mario had asked her if he could use the property as security for collateral to get a loan, and that she did not know if Mario had asked her if he could use the property as security for collateral to get a loan. Additionally, Maria testified that her signature was on the deed, that she signed the deed before a notary, and that Mario did not threaten her or tell her she had to sign the deed.

In reviewing an order granting or denying a temporary injunction, the appellate court draws all legitimate inferences from the evidence in a manner most favorable to the trial court's order. *Menna v. Romero*, 48 S.W.3d 247, 252 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Here, based on the evidence before it, the trial court could have found that the deed from Maria to Mario

was intended to be an absolute conveyance of the property. *See Smith v. Koennecke*, 73 S.W.2d 933, 934 (Tex. Civ. App.—San Antonio 1934, no writ) (holding the trial court as the trier of fact did not abuse its discretion in finding that a deed was an absolute conveyance rather than a mortgage when such a finding was supported by the evidence).

Additionally, Maria argues she established a probable right to recovery because the Texas Constitution prohibits the forced sale of the property, which she claims to be her homestead. *See* TEX. CONST., art. XVI, § 50(a). "Once a homestead right is established, it can only be lost during the claimant's life by abandonment or voluntary conveyance." *Patterson v. First Nat'l Bank of Lake Jackson*, 921 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1996, no writ). Here, based on the evidence before it, the trial court could have found that the property lost its homestead character when Maria deeded the property to Mario in an absolute conveyance. As a result, Maria did not establish a probable right to recovery based on homestead rights.

Because the record does not show that Maria established a probable right to recovery, we hold the trial court did not abuse its discretion in denying the temporary injunction. Accordingly, the trial court's order denying the temporary injunction is affirmed.

Karen Angelini, Justice