Opinion issued July 11, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-01114-CV

_____

## YIGAL BOSCH, APPELLANT

## V.

## BRAES WOODS CONDOMINIUM ASSOCIATION, APPELLEE

**On Appeal from the 295th Judicial District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-14592**

## MEMORANDUM OPINION

This suit arises from the foreclosure of eighteen condominium units in the Braes Woods Condominium complex. Yigal Bosch sued the Braes Woods Condominium Association for wrongful foreclosure. Braes Woods moved for summary judgment, contending, among other things, that res judicata bars Bosch's suit. The trial court granted the motion. Bosch appeals that ruling, and the trial

court's denial of his request for findings of fact and conclusions of law. Finding no error, we affirm.

## Background

Bosch-controlled entities, denominated as RKI International, Inc., Transamerica of Houston, LTD, and the Bradford Hills Realty Corp., purchased a total of eighteen condominium units in the Braes Woods Condominium complex. The 2646 South Loop West Limited Partnership (the "2646 Partnership") and its predecessor, the 2646 Atrium Realty Corp., funded these purchases. Bosch is the president of 2646 Atrium Realty Corp., which in turn is the general partner of the 2646 Partnership.

In June 2009, two weeks before the 2646 Partnership declared bankruptcy, Bosch assigned the assets and liabilities of RKI International, Transamerica of Houston, and Bradford Hills Realty to the 2646 Partnership. Braes Woods sought to foreclose on the condominiums due to unpaid maintenance assessments, and the bankruptcy court lifted its stay to permit those proceedings to advance. In April, May, and June of 2010, Braes Woods foreclosed on the eighteen units. It notified the record owners of each unit, RKI International, Bradford Hills Realty, and Transamerica of Houston.

Before the foreclosure sales, Bradford Hills Realty and RKI International had sued Braes Woods in a civil case for damages to the foundation of four of the

2

condominiums. *See Bradford Hills Realty Corp. v. Board of Directors of Braes Woods Condominium Association*, No. 2010-13954, in the 269th District Court, Harris County, Texas. In August 2010, Bradford Hills Realty and RKI International added 2646 Atrium Realty as a party, and added claims against Braes Woods for wrongful foreclosure on the eighteen condominiums. The *Bradford Hills* lawsuit resulted in a judgment favorable to Braes Woods. Relying on the judgment, Braes Woods moved in this case for summary judgment, contending that res judicata bars Bosch's claims against it in this case.

## Discussion

*Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and the movant is thus entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A genuine issue of material fact exists if the non-movant produces more than a

3

scintilla of probative evidence regarding the challenged element. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A defendant moving for traditional summary judgment must conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

### *Res Judicata*

Res judicata bars claims that were brought, or could have been brought, in an earlier lawsuit that resulted in a final judgment on the merits. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). To prevail on the defense, a party must show that (1) in a previous action, a court of competent jurisdiction rendered a final determination on the merits of a claim, (2) the parties in the earlier action are identical to, or in privity with, the present parties, and (3) the pending claim (a) is identical to the prior claim or (b) arises out of the same subject matter as the prior claim and could have been litigated in the previous action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

We note at the outset that Braes Woods moved for summary judgment based on res judicata, but it did not plead res judicata as an affirmative defense in its answer. Bosch, however, did not object to the lack of a supporting plea. A party may obtain summary judgment based on an affirmative defense that it did not plead, if the nonmoving party does not object to its absence in the moving party's

response to the motion. *See Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex. 1991). We thus consider whether the record supports summary judgment against Bosch's claims based on the affirmative defense of res judicata.

Parties are "in privity" with each other for purposes of res judicata if they have an identity of legal interest in the earlier and present suits. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971); *Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex.1992). We examine the circumstances of each case to determine if privity exists between the parties. *Benson*, 468 S.W.2d at 363. In a wrongful foreclosure case, if the property itself, or the money damages that were potentially recoverable in a previous lawsuit would have reverted to the benefit of the plaintiff in the later lawsuit, then plaintiff in the second case generally is in privity with the original plaintiff and may be subject to a res judicata defense. *Grimm v. Rizk*, 640 S.W.2d 711, 715 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

In the earlier action, RKI International, Bradford Hills, and 2646 Atrium Realty sued for the wrongful foreclosure of the eighteen condominiums. Bosch sues for the wrongful foreclosure of the same eighteen units, based on the same foreclosure sales. The current claim thus is identical to the claim in the earlier suit and involves the same underlying subject matter. *See Joachim*, 315 S.W.3d at 862. Because the trial court granted a final summary judgment in the previous case as to

all claims and all parties, the claim resulted in a final judgment. *See id.* We thus turn to whether Bosch is in privity with the plaintiffs in the earlier case such that he is subject to a res judicata defense. *See id.*

Bosch responds that no privity relationship existed between him and RKI International, Bradford Hills, and 2646 Atrium Realty, because these entities did not represent Bosch's rights in the first case; nor, he contends were they authorized to maintain the earlier suit on his behalf. Bosch, however, brought this later-filed suit as the successor in interest to the 2646 Partnership, for which 2646 Atrium Realty was the general partner. In the first case, Bosch averred in an affidavit that he had purchased the condominiums on behalf of the 2646 Partnership. He contended then, as now, that the 2646 Partnership held equitable title to the condominiums, while RKI International, Bradford Hills, and Transamerica of Houston held legal title. Bosch thus asserts the same legal rights in this case as he did in the first case. *See Benson*, 468 S.W.2d at 363. As the holder of equitable title to the condominiums and full participants in the earlier action, the 2646 Partnership, and Bosch as its successor, are bound by the judgment against the legal owners of the property. *See Slay v. Burnett Trust*, 187 S.W.2d 377 (Tex. 1945) (holding that beneficiaries, as equitable owners, were barred by res judicata from litigating action already litigated by trustee, the legal owner). We hold that Bosch has privity with the plaintiffs in the first case. As the wrongful foreclosure

claim in this case is identical to the claim the Bosch parties brought against Braes Woods in the earlier action and that claim was fully litigated and decided on the merits, the trial court properly ruled that Bosch's wrongful foreclosure claim is barred by res judicata.

Bosch complains that the trial court did not consider some of his exhibits as summary judgment evidence, but he points to no trial court ruling excluding them. Finally, Bosch contends that the trial court erred in failing to make written findings of fact and conclusions of law. Summary judgment proceedings, however do not call for findings of fact and conclusions. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994). Accordingly, the trial court did not err in that respect.

## Conclusion

We hold that res judicata bars this suit; the trial court therefore properly granted summary judgment. We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Higley, and, Bland.

7