# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CVR REFINING, LP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. N21C-01-260 EMD CCLD |
| v. | ) | |
| | ) | |
| XL SPECIALTY INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: June 27, 2023
Decided: September 13, 2023

*Upon Defendants' Motion to Stay*
***DENIED***

Jennifer C. Wasson, Esquire, Carla M. Jones, Esquire, Potter Anderson & Corroon LLP, Wilmington, Delaware, Robin L. Cohen, Esquire, Alexander M. Sugzda, Esquire, Cohen Ziffer Frenchman & McKenna, New York, New York. *Attorneys for Plaintiffs CVR Refining, LP, CVR Refining GP, LLC, CVR Refining Holdings, LLC, CVR Energy, Inc. and David Lamp*

Stephen E. Jenkins, Esquire, Richard D. Heins, Esquire, Ashby & Geddes, Wilmington, Delaware, Herbert Beigel, Esquire, Law Offices of Herbert Beigel, Tucson, Arizona. *Attorney for Plaintiffs Carl C. Icahn and Icahn Enterprises L.P.*

Robert J. Katzenstein, Esquire, Smith Katzenstein & Jenkins LLP, Wilmington, Delaware, Leland H. Jones, Esquire, Chiara Tondi Resta, Esquire, Wiley Rein LLP, Washington, D.C. *Attorneys for Defendant XL Specialty Insurance Company.*

John C. Phillips, Jr., Esquire, David Bilson, Esquire, Phillips McLaughlin & Hall, P.A., Wilmington, Delaware, Michael P. Duffy, Esquire, Scarlett M. Rajbanshi, Esquire, Boston, Massachusetts. *Attorneys for Defendant Twin City Fire Insurance Company.*

John C. Phillips, Jr., Esquire, David Bilson, Esquire, Phillips McLaughlin & Hall, P.A., Wilmington, Delaware, Erica J. Kerstein, Esquire, Robinson & Cole LLP, New York, New York. *Attorneys for Defendant Allianz Global Risk US Insurance Company.*

John C. Phillips, Jr., Esquire, David Bilson, Esquire, Phillips McLaughlin & Hall, P.A., Wilmington, Delaware, Geoffrey W. Heineman, Esquire, Ropers Majeski, P.C., New York, New York. *Attorneys for Defendant Argonaut Insurance Company.*

Marc S. Casarino, Esquire, Kennedys CMK LLP, Wilmington, Delaware, Sean P. Mahoney, Esquire, Michael E. DiFebbo, Esquire, Kennedys CMK LLP, Philadelphia, Pennsylvania. *Attorneys for Defendant Allied World National Assurance Company.*

**DAVIS, J.**

## I.      INTRODUCTION

This insurance coverage dispute is assigned to the Complex Commercial Litigation Division of the Court.  Plaintiffs CVR Refining, LP ("CVR Refining"),[1] CVR Refining GP, LLC (the "General Partner"), CVR Refining Holdings, LLC ("CVR Holdings"), CVR Energy, Inc. ("CVR Energy"), Icahn Enterprises, LP ("IELP"), Carl. C. Icahn, and David L. Lamp (collectively, the "Plaintiffs")[2] assert claims against Defendants XL Specialty Insurance Company ("XL"), Twin City Fire Insurance Company ("Twin City"), Allianz Global Risks US Insurance Company ("Allianz"), Argonaut Insurance Company ("Argonaut"), and Allied World National Assurance Company ("AWAC") (collectively, the "Insurers").

The Court has already issued two decisions in this civil action—*CVR Refining, LP v. XL Specialty Ins. Co.*, 2021 WL 3523925 (Del. Super. Aug. 11, 2021) ("*McWane* Decision") and *CVR Refining, LP v. XL Specialty Ins. Co.*, 2021 WL 5492671 (Del. Super. Nov. 23, 2021)("Partial SJ Decision").  The *McWane* Decision denied the Insurers' motion to dismiss, or alternatively, to stay this civil action in favor of the Texas Action.[3]  The Partial SJ Decision granted the Plaintiffs' motion for partial summary judgment on Count I of the Complaint.[4]

The Plaintiffs filed an Amended Complaint on January 9, 2023, alleging three causes of action: (i) breach of contract against all Insurers regarding the Insurers' denial of coverage for

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the *McWane* Decision or the Partial SJ Decision.
[2] The Court will also refer to the Plaintiffs as the Icahn Plaintiffs and the CVR Plaintiffs as each filed an objection to the Motion.
[3] 2021 WL 3523925, at *9.
[4] 2021 WL 5492671, at *11.

the Plaintiffs' defense expenses; (ii) breach of contract against all Insurers regarding the Insurers' denial of coverage for indemnity costs to all the Plaintiffs; and (iii) breach of the implied covenant of good faith and fair dealing against all Insurers.

The Insurers filed another Motion to Stay (the "Motion"). Essentially, the Insurers are arguing that—under the principles of comity, issue preclusion, and *forum non conveniens*—the Court should stay the action due to the concurrently active litigation in the Texas Action. The Insurers contend relief is warranted due to decisions rendered in the Texas Action.

For the reasons set forth below, the Court will **DENY** the Motion.

## II.    RELEVANT FACTS

### A.  GENERAL BACKGROUND AND FACTS FROM AMENDED COMPLAINT

The Court will not set out, again, the facts relating to the Parties, the Policies, the Underlying Actions, the denial of coverage, and the race to file multiple litigations regarding the Policies. The Court incorporates, by reference, those facts from the Partial SJ Decision[5] and the *McWane* Decision.[6]

### B.  PROCEDURAL POSTURE

#### 1.  *The McWane Decision*

On August 11, 2021, the Court issued the *McWane* Decision denying the Insurers' Motion to Dismiss, or Alternatively, to Stay the action.[7] The Insurers' motion argued that this action should be dismissed in favor of the Texas Action under *McWane*, because the Texas Action was first-filed and both actions involve substantially the same parties and issues.[8] The Plaintiffs contended that both the Delaware and Texas Actions should be considered

---

[5] 2021 WL 5492671, at *1-7.
[6] 2021 WL 3523925, at *1-6.
[7] D.I. No. 69.
[8] 2021 WL 3523925, at *7.

3

contemporaneously filed, and that under the *forum non conveniens* analysis, the Insurers could not demonstrate that it would be an overwhelming hardship and inconvenience to litigate the same issues in Delaware.[9]

The Court found that the Insurers engaged in a "race to the courthouse" by filing the Texas Action without any notice to the Plaintiffs before the end of the mediation period, and thus, the *McWane* factors were inapplicable.[10] The Court also found that the Insurers waived the *forum non conveniens* argument by failing to assert it in their motion. Alternatively, the Court ruled that the facts showed that Insurers would not be able to prove overwhelming hardship if forced to litigate in Delaware under a *forum non conveniens* analysis.[11] The Court also noted that the Plaintiffs are the "natural plaintiff" in the action, and that there was a "very good chance" that Delaware law applied to the Policies.[12]

### 2. The Texas Action

As referenced above, the Insurers filed a petition in Texas District Court on January 27, 2021, i.e., the Texas Action.[13] The Plaintiffs then filed the Complaint in this litigation on January 30, 2021 seeking recovery for (1) Count I—anticipatory breach of contract regarding the Insurers' denial of coverage for defense costs to Mr. Icahn, IELP, and CVR Energy; (2) Count II—anticipatory breach of contract for denying indemnity costs (Count II); and (3) Count III—breach of the implied covenant of good faith and fair dealing (Count III).[14]

The Texas District Court granted summary judgment in favor of the Insurers on all counts asserted in the Texas Action. The Texas District Court did not issue a written opinion setting out

---

[9] *Id.*
[10] *Id.*, at *8.
[11] *Id.*, at *9.
[12] *Id.*. at *8-9.
[13] *McWane* Mot. Op. Br. Ex. A (Insurers' Texas Petition).
[14] D.I. No. 1.

the basis its decision. The Texas District Court issued its orders without any reference to the Partial SJ Decision.

## III.   PARTIES' CONTENTIONS

### A. THE MOTION

The Insurers argue that the Court should stay this action because the Texas District Court already entered orders "resolving the parties' motions and cross-motions for summary judgment about defense and indemnity coverage in favor of the Insurers."[15] The Insurers contend that the Plaintiffs' filing of the Amended Complaint only serves to duplicate all of the efforts already exercised by both parties in the Texas Action.[16] As such, under the principles of comity, issue preclusion, and *forum non conveniens*, the Insurers contend that the Court should stay the action in its entirety as well as the recent discovery propounded by the Icahn Plaintiffs until there is a final, non-appealable judgment in the Texas Action.[17]

### B. THE ICAHN PLAINTIFFS' OPPOSITION

The Icahn Plaintiffs contend that the Court should deny the Motion because the Texas District Court's decisions do not have a preclusive effect in this current action, and the Insurers are effectively seeking a reconsideration of the Court's decision on the *forum non conveniens* issue. The Icahn Plaintiffs state that the Texas court's rulings on the two partial summary judgment motions are ladened with legal and procedural errors. Moreover, even under the principle of comity and the *forum non conveniens* analysis, the Icahn Plaintiffs maintain the facts show that the case is inherently a Delaware-centric matter, which should be maintained in

---

[15] Defendants' Motion to Stay ("Mot.") at 1.
[16] *Id.* at 2.
[17] *Id.* at 2.

5

Delaware.[18] The Icahn Plaintiffs note that the Court should not deviate from its *McWane*

Decision as the Insurers reassert the same arguments made and addressed in that decision.[19]

## C. THE CVR PLAINTIFFS' OPPOSITION

The CVR Plaintiffs argue that the Court should deny the Motion because the Court has

already issued a ruling on *forum non conveniens*, and no relevant facts have changed since then

to warrant a stay at this junction.[20] The CVR Plaintiffs contend that, despite the Court having

already rejected the argument that the Texas Action was first filed, the Insurers insist that the

non-preclusive interlocutory orders somehow forces the Court's hand in staying the present

action.[21]

The CVR Plaintiffs assert that both Texas and Delaware law on issue preclusion closely

mirror each other in requiring the asserting party to show that the facts in the first action were

fully and fairly litigated, and that those facts were essential to the final judgment in the first

action.[22] The CVR Plaintiffs contend that Insurers failed to show that the interlocutory partial

summary judgment orders from the Texas District Court impose an issue-preclusive effect on the

present action, and that partial summary judgments are not considered a "final judgment" under

both Texas and Delaware law.[23] The CVR Plaintiffs aver that the Texas District Court's orders

are not preclusive because the Texas courts do not have proper jurisdiction over the issues in the

first place, due to lacking both subject matter and personal jurisdiction over the issues and the

parties involved.[24]

---

[18] The Icahn Parties' Ans. Brief in Opp. to Def. Insurers' Mot. to Stay ("Icahn Opp.") at 6-8.
[19] *Id.* at 12. Icahn Plaintiffs also argue that because Insurers make the same argument as in their previous dispositive motion, the Court should apply Sup. Ct. Civ. R. 59(e) governing "motions for reconsideration/reargument" and find that Insurers did not meet the rule's pleading standard and thus dismiss the motion. *Id.* at 13-14.
[20] CVR Plaintiffs' Brief in Opposition to Defendants' Motion to Stay ("CVR Opp.") at 1.
[21] *Id.* at 1-2.
[22] *Id.* at 7.
[23] *Id.*
[24] *Id.* at 9.

## IV. STANDARD OF REVIEW

A "[m]otion to [s]tay is not unlike a motion to dismiss based upon the doctrine of *forum non conveniens*."[25] *Forum non conveniens* falls under Superior Court Civil Rule 12(b)(3) for improper venue.[26] Under Delaware law, a stay has the same effect as a dismissal where "[a] stay in favor of another action results in the action in Delaware being put on hold until the resolution of the action in another jurisdiction, at which point principles of res judicata would likely apply [to bar the further prosecution of the Delaware action]."[27] "In determining whether a Court should grant a motion to stay when it is akin to a motion for a dismissal, it is incumbent upon the Court in its discretion to weigh the various factors presented and determine fairly, in light of all the circumstances, where the controversy can best and most economically and expeditiously be determined."[28]

## V. DISCUSSION

Under Delaware law, a motion to stay or dismiss on grounds of *forum non conveniens* is addressed to the sound discretion of the Court. When applying the *forum non conveniens* analysis, courts "always must consider judicial economy and principles of comity."[29] "In balancing all of the relevant factors, the focus of the analysis should be which forum would be the more 'easy, expeditious, and inexpensive' in which to litigate."[30]

When determining whether a suit should be stayed or dismissed for *forum non conveniens*, Delaware applies different standards depending on the circumstances.[31] If the

---

[25] *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. RLC Corp.*, 449 A.2d 257, 260 (Del. Super. 1982).
[26] *See Ethica Corp. Finance S.r.L v. Dana Inc.*, 2018 WL 3954205, at *4 (Del. Super. Aug. 16, 2018).
[27] *BP Oil Supply Co. v. ConocoPhilips Co.*, 2010 WL 702382, at *2 (Del. Super. Feb. 25, 2010).
[28] *RLC Corp.*, 449 A.2d at 261.
[29] *Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Turner Construction Co.*, 2014 WL 703808, at *2 (Del. Super. Feb. 17, 2014).
[30] *Id.*
[31] *See Gramercy Emerging Markets Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1036 (Del. 2017).

7

foreign action is first-filed, the Court will conduct an analysis under *McWane*.[32] But, if a movant seeks a stay under *forum non conveniens* grounds and multiple actions are considered contemporaneously filed, this Court examines the motion to stay "'under the traditional *forum non conveniens* framework' without 'preference for one action over the other' to avoid rewarding the victor in a 'race to the courthouse.'"[33] In other words, "the movant need only demonstrate that the preponderance of applicable forum factors 'tips in favor' of litigating the dispute in the non-Delaware forum."[34] However, Delaware courts have held that the "overwhelming hardship" standard also applies where granting a stay of a contemporaneously filed action would likely have the same ultimate effect as a dismissal.[35]

A defendant may satisfy the "overwhelming hardship" standard if they can convince the court that the action is "one of those rare cases where the drastic relief of dismissal is warranted based on a strong showing that the burden of litigating in this forum is so severe as to result in manifest hardship . . . ."[36] A defendant must show that the inconvenience and hardship are so profound that they "overwhelm" the plaintiff's choice of forum.[37] It is intended as "a stringent standard that holds defendants who seek to deprive of a plaintiff of her chosen forum to an appropriately high burden."[38]

Delaware courts determine whether to dismiss or stay an action based on *forum non conveniens* by evaluating six factors, known as the *Cryo–Maid* factors. The Court will consider: (1) whether Delaware law governs the case; (2) the relative ease of access to proof; (3) the availability of compulsory process for witnesses; (4) the pendency of any similar action in

---

[32] *See id.*
[33] *In re CVS Opioid Ins. Litig.*, 2022 WL 3330427, at *4 (Del. Super. Aug. 12, 2022).
[34] *Turner*, 2014 WL 703808, at *2.
[35] *Id.*
[36] *Ison v. E.I. DuPont de Nemours & Co.*, 729 A.2d 832, 835 (Del. 1999).
[37] *Ethica Corp.*, 2018 WL 3954205, at *6.
[38] *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102, 1105 (Del. 2014), *as revised* (Mar. 4, 2014).

8

another jurisdiction; (5) the possibility of a need to view the premises; and (6) all other practical considerations that would make the trial easy, expeditious, and inexpensive.[39]

## A. ISSUE PRECLUSION DOES NOT WARRANT GRANTING A STAY.

Delaware courts apply the preclusion law of the issuing jurisdiction.[40] Accordingly, the Court will apply Texas preclusion law. Under *Bonniwell v. Beech Aircraft Corp*., for another court's order to be given a preclusive effect, the asserting party must show that "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action."[41]

The Insurers are the parties arguing for preclusion to apply. The Insurers assert that issue preclusion applies to all of the material issues in the present action because both actions involve the same parties and facts, and the Texas District Court already provided what is tantamount to final judgments on the substantive issues in question in both actions.[42] The Insurers maintain that the Texas District Court found that no genuine issue of material fact existed after reviewing evidence and briefings from both parties, interpreting the relevant policy language, and hearing multiple oral arguments on the issues.[43] The Insurers note that the claims were fully litigated by the parties, and that the issues reached "such a stage that a court sees no really good reason for permitting it to be litigated again."[44] In short, the Insurers maintain that the Texas District Court's partial summary judgment orders are effectively final judgments on the merits of the

---

[39] *Turner*, 2014 WL 703808, at *2.
[40] *See, e.g., In re Wal-Mart Stores, Inc. Delaware Derivative Litigation*, 2016 WL 2908344, at *8-9 (Del. Ch. July 25, 2017).
[41] 663 S.W.2d 816, 818 (Tex. 1984) (citing *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361 (Tex. 1971); Restatement (Second) of Judgments § 27 (1982)).
[42] Mot. at 10-11.
[43] *Id*.
[44] *Id*. at 10 (citing *Yucaipa Am. All. Fund I, LP v. SBDRE LLC*, 2014 WL 5509787, at *12 n.51 (Del. Ch. Oct. 31, 2014)).

case, and the Court should avoid the possibility of having two contradictory judgments on the same issues by staying the present action.

The Icahn Plaintiffs and the CVR Plaintiffs argue that the Insurers misinterpreted the requirements for issue preclusion and overinflate the dispositive nature of the interlocutory orders issued by the Texas court. The Icahn Plaintiffs and the CVR Plaintiffs contend that a valid and final judgment disposes all claims and parties in the suit, which did not occur in the Texas Action, and "[s]ummary judgment rulings -let alone partial summary judgment rulings- constitute interlocutory orders until they are incorporated into a final judgment."[45] The Icahn Plaintiffs and the CVR Plaintiffs also note that both Delaware and Texas law do not afford preclusive effect to interlocutory orders.[46]

Here, Texas law on preclusive judgments clearly requires that a final judgment to have been rendered by the first court before it can have a preclusive effect on the second court. The Insurers carry the burden of demonstrating that the Texas Action orders are preclusive on this Court. The Insurers do not present evidence to show that the interlocutory orders issued by the Texas District Court were meant to be, or interpreted as, final judgments in the Texas Action.

Texas law provides that a partial summary judgment that is interlocutory and not appealable cannot be considered a "final judgment" for purposes of issue preclusion.[47] The two interlocutory partial summary judgment orders issued by the Texas District Court are not "final judgments" and do not have a preclusive effect on this civil action. Furthermore, the Texas Action continues to be actively contested by both parties, and several issues remain to be

---

[45] Icahn Opp. at 27.

[46] *Id.* (citing *Adv. Litig., LLC v. Herzka*, 2006 WL 2338044, at *7 (Del. Ch. Aug. 10, 2006)).

[47] *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991) ("At the outset, we note that the district court's interlocutory partial summary judgment was not entitled to either res judicata or collateral estoppel effect. A partial summary judgment that is interlocutory and non-appealable is not final and cannot support a plea of res judicata.").

litigated and decided on, evincing the fact that the partial summary judgment orders did not dispose all claims and parties in the Texas Action.

The Icahn Plaintiffs and the CVR Plaintiffs raise other issues concerning the Texas Action. The Icahn Plaintiffs and the CVR Plaintiffs contend that the Texas District Court made substantive and procedural errors in its decisions, including whether the Texas court had sufficient personal jurisdiction over Mr. Icahn before ruling on whether the Policies covered Mr. Icahn. This Court takes no position on this point. However, the argument is that such issues are likely to be appealed.[48] The one-page interlocutory orders also fail to shed light on how the Texas District Court came to its decisions, including what material facts were relied upon and the conclusions of law. The interlocutory orders are absent of any discussion or analysis of the facts and issues at hand, nor are they accompanied by a memorandum or letter opinion or ruling on the record.

As such, the Court finds that the interlocutory partial summary judgment orders in the Texas Action do not yet have a preclusive effect on the Court.

### B. INSURERS ARE NOT SUBJECT TO OVERWHELMING HARDSHIP IF FORCED TO LITIGATE IN DELAWARE.

As discussed above, Delaware courts determine whether to dismiss or stay an action based on *forum non conveniens* by evaluating the *Cryo–Maid* factors. Here, the *forum non conveniens* analysis does not require a lengthy examination of the *Cryo-Maid* factors because the Court already ruled on these in the *McWane* Decision, finding that the Insurers could not prove that they would face "overwhelming hardship" if forced to litigate the present suit in Delaware.[49]

---

[48] Mr. Icahn asserted to the Texas court that he did not have sufficient minimum contact with the State of Texas, nor engage in any activity which would subject him to general or specific jurisdiction in Texas. Despite no discovery having taken place as to Mr. Icahn's special appearance in the Texas Action, the court granted the partial summary judgment. Icahn Opp. at 18-19.

[49] 2021 WL 3523925, at *8-9.

Additionally, the Court found that Delaware law was likely to govern the case, and all of the relevant parties were "at home" in Delaware.[50]  Despite the Insurers' contentions that the "landscape has now changed – drastically" since the Court's August 11, 2021 Opinion, and that the Texas Action is supposedly "close to resolution, with the Texas court having already ruled on all substantive coverage issues," the facts show that the changes in the Texas Action amount to the two one-page orders granting non-preclusive interlocutory partial summary judgment motions, and furthermore, issues relating to retention and attorneys' fees remain unresolved in the Texas Action.[51]

While the Court is sensitive to the principles of comity and judicial economy, the facts show that the present case involves: (i) Delaware-based parties, (ii) the application of Delaware law, (iii) the Plaintiffs' injuries resulting from a settlement of a Delaware Court of Chancery litigation, and (iv) Delaware as the Plaintiffs' choice of forum in an insurance coverage dispute.[52] Delaware has a significant relationship and interest in applying its laws to the present matter. The mere fact that the Texas Action "proceeded further" than the present action does not provide sufficient weight to the analysis of whether denying the motion to stay would create such a burden "so severe as to result in manifest hardship" to the Insurers [53]  In addition, the Court has issued the Partial SJ Decision, granting partial summary judgment on Court I of the Complaint.

As such, the Court finds that the Insurers failed to meet the burden of showing "overwhelming hardship" if forced to litigate in Delaware.  The Motion is **DENIED**.

---

[50] *Id.*
[51] Mot. at 15-16; Icahn Opp. at 17.
[52] Under Delaware law, "the insured . . . is in the role of the natural plaintiff following a denial of coverage," [52] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Crosstex Energy Servs., L.P.*, 2013 WL 6598736, at *5 (Del. Super. Ct. Dec. 13, 2013).
[53] *Ison,* 729 A.2d at 835.

## VI.     CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion.

Dated: September 13, 2023
Wilmington, Delaware


*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress